# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| PATRICK S., | ) |
| | ) |
|        PLAINTIFF | ) |
| | ) |
| v. | ) |
| | )   CIVIL NO. 1:18-CV-289-DBH |
| ANDREW M. SAUL, COMMISSIONER, | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
|        DEFENDANT | ) |

## DECISION AND ORDER ON SOCIAL SECURITY DISABILITY APPEAL

This case raises a narrow but important issue concerning social security disability hearings where the administrative law judge takes vocational expert testimony and the plaintiff, after hearing it, wishes to present a rebuttal expert affidavit. Following oral argument on August 12, 2019, I conclude that under the current regulations and rulings the plaintiff has the right to do so up until the administrative law judge's decision issues.

### BACKGROUND

I summarize only that part of the administrative record material to the parties' dispute. At the administrative hearing, the administrative law judge called a vocational expert to testify. After the hearing but before the administrative law judge's decision issued, the plaintiff's lawyer submitted rebuttal evidence through a different vocational expert's affidavit. Thereafter, the administrative law judge issued a decision denying benefits to the plaintiff. The administrative law judge relied upon the vocational expert's testimony at the

hearing and did not mention the later vocational expert's rebuttal affidavit. The Appeals Council declined to review the decision, making the administrative law judge's ruling the final decision for judicial review. The plaintiff then filed this lawsuit, and a magistrate judge issued a report and recommended decision to affirm the Commissioner in all respects. The plaintiff objects to only that portion of the recommended decision involving the rebuttal vocational expert.

## **ANALYSIS**[1]

The Commissioner's applicable Policy Interpretation, SSR 96-9P, states:

> At the hearings and appeals levels, vocational experts (VEs) are vocational professionals who provide impartial expert opinion during the hearings and appeals process either by testifying or by providing written responses to interrogatories. A VE may be used before, during, or after a hearing. *Whenever a VE is used, the individual has the right to review and respond to the VE evidence prior to the issuance of a decision.* The VE's opinion is not binding on an adjudicator, but must be weighed along with all other evidence.

Id. at n.8 (emphasis added).[2] The plaintiff argues that this Policy Interpretation explicitly allows him to submit his rebuttal vocational expert affidavit up until the administrative law judge's decision issued, and that it was error for the administrative law judge to fail to consider the rebuttal affidavit in weighing the original vocational expert's testimony.

---

[1] The plaintiff sought social security disability benefits, supplemental security income benefits and child's insurance benefits. For purposes of this dispute the applicable standard is the same for all three, and I will cite primarily the regulation concerning social security disability benefits.
[2] See Social Security Administration, "Titles II & XVI: Determining Capability to Do Other Work-Implications of A Residual Functional Capacity for Less Than A Full Range of Sedentary Work, SSR 96-9P" (July 2, 1996).

The Commissioner disagrees, relying primarily upon the so-called five-day rule. The relevant regulation states:

> Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

20 C.F.R. § 404.935. The relevant portion of "paragraph (b)" refers to "[s]ome other unusual, unexpected, or unavoidable circumstance beyond your control [that] prevented you from informing us about or submitting the evidence earlier." 20 C.F.R. § 404.935(b)(3). When the Social Security Administration proposed this regulation, it received comments expressing concern about the five-day rule. 81 Fed. Reg. 90987, 90989 (Dec. 16, 2016). In response, it stated: "[O]ur final rule contemplates that some circumstances may warrant the introduction of new evidence at or after the hearing, and includes appropriate exceptions to accommodate these circumstances." Id. at 90990. It also wrote: "[I]f an ALJ introduces new evidence at or after a hearing, the claimant could use the [paragraph (b)(3)] exception . . . to submit rebuttal evidence." Id. at 90991. The plaintiff argues that in this case he could not notify the administrative law judge five days before the hearing that he intended to present rebuttal evidence because, until the hearing occurred, he did not know how the administrative law judge's vocational expert would testify.

In this case, I do not know why the administrative law judge ignored the plaintiff's rebuttal vocational expert affidavit because his decision does not even

3

mention it. The administrative hearing occurred June 20, 2017. The plaintiff submitted the rebuttal affidavit by letter of June 30, 2017, stating:

> As you know, whenever a vocational witness is used, the individual has the right to review and respond to the VE evidence prior to the issuance of a decision. Please consider this affidavit my client's objection and response to the vocational evidence.

Letter at 1 (ECF No. 7-2). The administrative law judge's decision did not issue until August 29, 2017. Dec. at 13 (ECF No. 7-2). The decision says that if the plaintiff "submits or informs the Administrative Law Judge about written evidence before the hearing decision is issued, I will accept the evidence if . . . some . . . unavoidable circumstance beyond the claimant's control prevented the claimant from submitting or informing the Administrative Law Judge about the evidence earlier." Id. at 1. On that basis the administrative law judge admitted the plaintiff's post-hearing written brief of June 21, 2017, treating it as "additional written evidence." Id. The administrative record does not reveal whether the administrative law judge also saw the rebuttal expert's affidavit and why his decision did not refer to it.

Magistrate Judge Nivison of this District has ruled that an administrative law judge cannot automatically use the five-day rule to reject rebuttal evidence to a vocational expert's testimony:

> Here, because the ALJ relied exclusively on one job to satisfy Defendant's burden at step 5, and Plaintiff's objection or challenge to the VE's testimony regarding the number of available jobs could not have been made five days before the hearing, the ALJ's decision not to consider the Job Browser Pro evidence is only sustainable if Plaintiff was not prejudiced by the decision.

4

Murray B. v. Comm'r, 2018 WL 5786211, at *5 (D. Me. Nov. 5, 2018), R. & R. adopted sub nom. Murray B. v. Berryhill, 2018 WL 6071997 (D. Me. Nov. 20, 2018) (internal citations omitted).  Likewise, in Kelly v. Saul, 2019 WL 3492449, at *3 (D.N.H. Aug. 1, 2019), Judge Barbadoro of the District of New Hampshire stated:

> As a general matter, an ALJ always has discretion to "reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence." 20 C.F.R. § 404.944.  He cannot categorically refuse a request to consider evidence simply because it is submitted after the hearing has concluded.  This is especially true when post-hearing evidence is offered in response to VE testimony.  As Social Security Ruling 96-9P recognizes, "[w]henever a VE is used, the [claimant] has the right to receive and respond to VE evidence prior to the issuance of a decision." SSR 96-9P n.8, 1996 WL 374185, at *9 (July 2, 1996).  Because such testimony often "cannot be anticipated prior to hearing," it will often have to be submitted after the hearing has been completed.  McClesky v. Astrue, 606 F.3d 351, 354 (7th Cir. 2010) (citation omitted).  Where such evidence is material to an issue under consideration, as it is here, an ALJ cannot refuse to consider it simply because it is submitted after the hearing concludes.

The Commissioner faults the plaintiff for failing to articulate, when he submitted the rebuttal evidence, how he satisfied the "unusual, unexpected or unavoidable circumstance" standard.  I don't know what he was supposed to say in addition to identifying the evidence as rebuttal to the vocational expert's testimony at the hearing, except perhaps intone the magic word that the post-hearing submission was "unavoidable" because he could not predict in advance what the administrative law judge's expert would testify.  Like Chief Judge McCafferty of the District of New Hampshire, I reject such an argument in a case like this.  "Even if not stated explicitly . . ., the materiality of the affidavit, and

5

the justification for its late submission, are apparent from casual examination of the letter and affidavit." Palombo v. Berryhill, 2018 WL 3118286, at *5 n.7 (D.N.H. June 25, 2018). And as Chief Judge McCafferty also stated:

> *By definition*, rebuttal evidence of this kind could not have been submitted earlier, "since the claimant has no clue to what the vocational expert will testify until the end of the hearing." McClesky v. Astrue, 606 F.3d 351, 354 (7th Cir. 2010) (noting that "submission and consideration of post-hearing evidence are common in social security disability cases," especially affidavits used "to rebut vocational 'expert' testimony which cannot be anticipated prior to hearing"). Thus, the late submission of [the VE's] affidavit could be viewed as "unavoidable" for purposed of [the then-current regulation].

Id. at *5 (emphasis added). I also agree with Chief Judge McCafferty that: "This is not to say that [the plaintiff] unequivocally satisfied the requirements . . ., but only to point out the necessity for the ALJ to address the issue and provide sufficient reasons to justify the exclusion of the affidavit. Because the ALJ failed to do so, the case must be remanded for further proceedings." Id. Finally, to quote Chief Judge McCafferty once again, "even if [the unusual, unexpected or unavoidable circumstance] requirements are not met, the ALJ still has the discretion to consider the evidence." Id. at *4 (internal citation omitted) (noting that the applicable regulation said an ALJ "*may*" decline to consider evidence submitted late). "To the extent the ALJ did rely on the regulation to reject the submission of the affidavit, she never explained her reasoning, which prevents the court from conducting any meaningful judicial review. That error justifies remanding the case." Id. at * 5 (internal citations omitted).

That is exactly the situation here. I do not know whether the administrative law judge relied on the five-day rule; if he did, why he did; and why he did not exercise his discretion not to enforce it.[3]

Because the Appeals Council declined to review the administrative law judge's decision and because the rebuttal affidavit was available to the administrative law judge before he issued his adverse decision, I believe that is the end of the matter for purposes of judicial review of the Commissioner's final decision. In an abundance of caution, however, I also address what the Appeals Council said in deciding not to review. In Mills v. Apfel, 244 F.3d 1 (1st Cir. 2001), the First Circuit said that a federal court could review the Appeals Council's refusal to review the administrative law judge when the Appeals Council has "given a mistaken reason for refusing further review," "where it gives an egregiously mistaken ground for this action." Id. at 5.[4] In this case, the

---

[3] I do note that at the hearing, the plaintiff requested and was granted an extension to file a post-hearing memo, Tr. at 35 (ECF No. 7-2), but did not mention the possibility of a rebuttal exhibit. As a federal judge, I often find it important to set a deadline for completing the record in its entirety before I devote time and energy to deciding a case or a motion. But there is no indication that the administrative law judge did so here, or that SSR 96-9P grants him that authority (given its reference to a right to respond up until the decision's issuance). I also do not address the treatment of written statements and the provisions of 20 C.F.R. §§ 404.949, 416.1449 specifying that the five-day requirement applies to pre-hearing written statements but not post-hearing written statements. The rebuttal affidavit in dispute here is evidence; it is not a written statement as the regulations use that term.

[4] I write "an abundance of caution" because Mills v. Apfel, 244 F.3d 1 (1st Cir. 2001), was concerned with a situation where the "new evidence is tendered after the ALJ decision," such that the administrative law judge could not have made a mistake "in ignoring new evidence that was never presented to him." Id. at 5. That is not the case here, where the evidence was submitted before the decision, but then ignored. I also note Smith v. Berryhill, 139 S. Ct. 1765 (2019), where the Supreme Court recently dealt with the Appeals Council's *dismissal* of a request for review as untimely after a hearing on the merits, and ruled that the *dismissal* was a final decision but left open what should happen on remand. This case is not a *dismissal* but a *denial* of review.

Appeals Council noted three pieces of "additional evidence,"[5] then stated: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." Notice of Appeals Council Action at 2 (ECF No. 7-2). Those sentences cannot both be true simultaneously, and on judicial review I cannot determine whether the Appeals Council refused to consider and exhibit the evidence because it was not timely (SSR 96-9P n.8 seems to preclude that justification), or whether it did consider the rebuttal affidavit and concluded that the evidence would not change the outcome. So a remand is necessary regardless.

Consequently, upon *de novo* review, I **ADOPT** the Magistrate Judge's Report and Recommended Decision **EXCEPT** as to its treatment of the plaintiff's rebuttal vocational expert evidence. It is **ORDERED** that the Commissioner's decision is **VACATED** and the case is **REMANDED** for further proceedings consistent with this decision.

**SO ORDERED.**

**DATED THIS 14TH DAY OF AUGUST, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[5] According to the Appeals Council, two of them were dated before the hearing, Notice of Appeals Council Action at 2 (ECF No. 7-2), so it is not clear why they are "additional evidence." But the third, the vocational expert's rebuttal affidavit, is dated after the hearing.